UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RONALD HESTER,

                                Plaintiff,                      6:23-cv-01171 (AMN/TWD)

v.

CITY OF ONEIDA, et al.,

                                Defendants.

---

APPEARANCES:

**RONALD HESTER**
2723 Emerson Lane
Kissimmee, FL 34743
Plaintiff, *Pro Se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.  INTRODUCTION

On September 12, 2023, Plaintiff *pro se* Ronald Hester commenced this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City of Oneida, the Oneida County Police, the Oneida County Sheriff's Department, the Rome Police, Detective ("Det.") Salle,[1] Officer Zonnevylle, Officer Page, and Officer White alleging violations of his Fourth Amendment rights, false arrest, false imprisonment, and an illegal cavity search of his person.  *See* Dkt. No. 1 (the "Complaint").

Plaintiff sought leave to proceed *in forma pauperis* ("IFP").  Dkt. No. 2.  This matter was

---

[1] As noted in the Report-Recommendation, Det. Salle's last name is incorrectly spelled "Salley" in the caption of the Complaint.  Dkt. No. 4 at 3 n.1.  The Clerk of the Court is directed to correct the spelling of Detective Salle's name on the Docket.

referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on November 14, 2023, issued an Order and Report-Recommendation ("Report-Recommendation") granting Plaintiff's application to proceed IFP, and recommending that (i) the Court dismiss the Complaint against the City of Oneida without prejudice; (ii) the Court dismiss the Complaint against the Oneida County Police, the Oneida County Sheriff's Department, and the Rome Police with prejudice; (iii) Plaintiff's Fourth Amendment false arrest and false imprisonment claims against Det. Salle, Officer Zonnevylle, and Officer Page be dismissed with leave to amend; and (iv) Plaintiff's Fourth Amendment claim based on the body cavity search against Det. Salle and Officer White survives initial review and requires a response. *See generally* Dkt. No. 4.[2] Magistrate Judge Dancks advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 15. Plaintiff has not filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, the court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983

---

[2] For a complete recitation of the facts in Plaintiff's Complaint, the parties are referred to the Report-Recommendation. *See* Dkt. No. 4 at 3-7.

2

Addition).

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because Plaintiff has not filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

As to the Defendants named in the Complaint, Magistrate Judge Dancks first concluded that the Complaint did not sufficiently allege *Monell* liability with respect to the City of Oneida because Plaintiff did not allege that "any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom." Dkt. No. 4 at 7-8 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). As a result, Magistrate Judge Dancks recommended dismissing the Complaint against the City of Oneida without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at 8.

As to Defendants Oneida County Police, Oneida County Sheriff's Department, and Rome Police, Magistrate Judge Dancks concluded that they are not proper parties because a "police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Id.* at 8-9 (quoting *Baker v. Willett*, 42 F. Supp. 2d 192,

3

198 (N.D.N.Y. 1999)). As a result, Magistrate Judge Dancks recommended dismissing the Complaint against the Oneida County Police, the Oneida County Sheriff's Department, and the Rome Police with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.*

Magistrate Judge Dancks next construed the facts in the Complaint as alleging false arrest and false imprisonment claims against Det. Salle, Officer Zonnevylle, and Officer Page, and as alleging an illegal cavity search claim against Det. Salle and Officer White. *Id.* at 9 (citing Dkt. No. 1 at 5, 7-9; Dkt. No. 1-1 at 1-13).[3] As to Plaintiff's false arrest and false imprisonment claims, Magistrate Judge Dancks determined that these claims fail because, upon finding a handgun in Plaintiff's car, there was probable cause for the officers to arrest and confine Plaintiff, regardless of whether the search of Plaintiff's vehicle was illegal. *Id.* at 9-12 (citing, *inter alia*, *Lourdes Torres v. Jones*, 26 N.Y.3d 742, 759 (N.Y. 2016); *Hatcher v. City of New York*, No. 15-CV-7500 (VSB), 2018 WL 1583036, at *3 (S.D.N.Y. Mar. 27, 2018)).[4] Magistrate Judge Dancks noted that Plaintiff's false arrest and false imprisonment claims are "frivolous" because the existence of probable cause provides "a dispositive defense . . . on the face of the complaint." *Id.* at 11-12. As a result, Magistrate Judge Dancks recommended dismissing Plaintiff's Fourth Amendment false arrest and false imprisonment claims with leave to amend. *Id.* at 12 (citing 28 U.S.C. § 1915(e)(2)(B)(i)).

Finally, as to Plaintiff's Section 1983 claim against Det. Salle and Officer White based on the body cavity search of Plaintiff's person, Magistrate Judge Dancks determined that none of the

---

[3] Magistrate Judge Dancks liberally construed Plaintiff's "general claim for Fourth Amendment violations," Dkt. No. 1 at 5-9, as "equivalent to his claims for false arrest, false imprisonment, and an illegal cavity search." Dkt. No. 4 at 9.

[4] Magistrate Judge Dancks construed the Complaint "to allege that because [Oneida County Court] Judge Bauer ruled the search of Plaintiff's car to be illegal and consequently suppressed the recovered gun, that there was no probable cause to arrest and confine him." Dkt. No. 4 at 10 (citing Dkt. No. 1-1 at 1-13).

factors relied upon by the Second Circuit to establish the reasonable suspicion necessary to perform a body cavity search, *see Sloley v. VanBramer*, 945 F.3d 30, 46 (2d Cir. 2019),[5] appear to be present in this case. *Id.* at 13-14.[6] As a result, Magistrate Judge Dancks recommended that Plaintiff's Fourth Amendment claim based on the visual body cavity search survives initial review under 28 U.S.C. § 1915(e) and requires a response.

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

IV.     **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 4, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Complaint is **DISMISSED without prejudice** against the City of Oneida; and the Court further

**ORDERS** that the Complaint is **DISMISSED with prejudice** against the Oneida County Police, the Oneida County Sheriff's Department, and the Rome Police; and the Court further

**ORDERS** that Plaintiff's Fourth Amendment false arrest and false imprisonment claims against Detective Salle, Officer Zonevylle, and Officer Page are **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff's Fourth Amendment claim based on the body cavity search

---

[5] In *Sloley*, the Second Circuit found that police officers must have "reasonable suspicion" to conduct a lawful visual body cavity search, and identified factors that can support a reasonable suspicion that an arrestee is "secreting contraband on or in his" person. 945 F.3d at 38-39, 46.

[6] Magistrate Judge Dancks also relied on Det. Salle's testimony and Det. Salle's "Unclothed Search Form" which indicated that the visual body cavity was performed on Plaintiff solely based on his history of prior drug offenses. Dkt. No. 4 at 14 (citing Dkt. No. 1-1 at 4, 10).

against Detective Salle and Officer White **SURVIVES initial review** and requires a response; and the Court further

**ORDERS** that Plaintiff may file an Amended Complaint **within THIRTY (30) DAYS** of this Order; and the Court further

**ORDERS** that if Plaintiff files an Amended Complaint within the time permitted, the Amended Complaint is referred to Magistrate Judge Dancks for further review; and the Court further

**ORDERS** that if Plaintiff does not file an Amended Complaint, the case is returned to Magistrate Judge Dancks for any orders relating to service of the Complaint on Defendants Detective Salle and Officer White; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.[7]

**IT IS SO ORDERED.**

Dated: January 8, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[7] If Plaintiff wishes to pursue any claim dismissed without prejudice, he is advised that any Amended Complaint will entirely replace the original Complaint. If Plaintiff fails to file an Amended Complaint within thirty (30) days, he will be deemed to have forfeited the opportunity to replead the dismissed claims, and the case will proceed solely on Plaintiff's Fourth Amendment claim based on the body cavity search against Det. Salle and Officer White.